Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1587 | **DATE** | 11/14/2002 |
| **CASE TITLE** | Kenneth Hanna, et al. vs. FDIC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss (8-1) is denied. Defendant's motion for summary judgment (8-2) is granted. Plaintiffs' motion for summary judgement (15-1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 1 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 21 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SLB | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH and JOEANN HANNA,

    Plaintiffs,

-vs-

FEDERAL DEPOSIT INSURANCE
CORPORATION, a corporation of the
United States of America, individually
and as Receiver of Superior Savings Bank,
FSB, a federal savings bank in liquidation,

    Defendant.

No. 02 C 1587

Senior Judge George W. Lindberg

DOCKETED
NOV 1 4 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Kenneth and Joeann Hanna, filed a complaint against defendant Federal Deposit Insurance Corporation (FDIC), alleging that certain deposit accounts were incorrectly determined to be uninsured and unlawfully withheld by the FDIC under the Federal Deposit Insurance Act. 12 U.S.C. § 1811 *et seq.* The FDIC has moved for dismissal of the complaint or, in the alternative, for summary judgment, on the ground that its decision to deem various cash accounts held by the plaintiffs to be uninsured was pursuant to 12 C.F.R. § 330.10, which the FDIC was authorized to promulgate under the regulatory power granted to it by 12 U.S.C. § 1819(a). Plaintiffs have filed a cross motion for summary judgment alleging that the FDIC incorrectly applied 12 C.F.R. § 330.10(f) concerning revocable trust accounts and that even if the FDIC properly applied its regulations to this case, the regulations are unreasonable and inconsistent with 12 U.S.C. § 1811 *et seq.*



02 C 1587

Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss is properly granted when a complaint fails to state a claim upon which relief can be granted. Since the FDIC's alleged right to dismissal in this case is dependant upon matters outside the pleadings, it is more properly considered a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Accordingly, the motion to dismiss is being denied.

Summary Judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The defendant alleges the following facts as set forth in its Statement of Material Facts Not in Dispute:

2. The FDIC is an agency of the United States that insures deposits in financial institutions and acts as receiver for failed institutions . . . .

3. The plaintiffs had 11 accounts at Superior Bank, FSB held by revocable trusts . . . .

4. Seven accounts, totaling $230,963.76, were held by Mr. and Mrs. Hanna as Trustees for the Joeann V. Hanna Revocable Trust and governed by the Self-Declaration of Trust of Joeann V. Hanna, dated January 18, 2000 . . . .

5. Four accounts, totaling $55,992.43, were held by Mr. and Mrs. Hanna in trust for Julia A. Hanna, the mother of Mr. Hanna . . . .

6. Mr. and Mrs. Hanna each contributed 50% of the funds in the accounts held by them in trust for Julia A. Hanna . . . .

7. On July 27, 2001, the Office of Thrift Supervision closed Superior Bank, FSB and appointed the FDIC as receiver . . . .

8. On January 2, 2002, the FDIC issued the Hannas a receivership certificate for $158,959.98, the entire amount of the funds in the accounts initially determined to be uninsured . . . .

2

02 C 1587

>9. On March 12, 2002, the FDIC issued a letter explaining its final determination as to the insurance coverage . . . .

Plaintiffs allege the following additional facts which are not in dispute:

>11. Joeann Hanna executed a Will with her revocable Trust, which William Mohr drafted and prepared, and had executed and witnessed, in full compliance with the laws of Illinois . . . .
>
>12. This will has not been revoked or modified in any way . . . .

Plaintiffs filed a complaint, alleging the FDIC incorrectly determined that various cash accounts held by plaintiffs were uninsured under the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, and were unlawfully withheld by the FDIC either in its capacity as the administrator of the federal deposit insurance program, or in its capacity as the receiver duly appointed to liquidate Superior Federal Savings Bank, or both. Pursuant to 12 U.S.C. § 1821(a)(1)(B), the net amount due to any depositor at an insured depository institution shall not exceed $100,000. To determine the amount due to each depositor, the FDIC:

>[S]hall aggregate the amounts of all the deposits in the insured depository institution which are maintained by a depositor in the same capacity and the same right for the benefit of the depositor either in the name of the depositor or in the name of any other person, other than any amount in a trust fund.

12 U.S.C. § 1821(a)(1)(C). Trust fund amounts that are excluded from aggregation for purposes of the $100,000 limit are those described in 12 U.S.C. § 1817(i)(1) that are held in any irrevocable trust established by a statute or written agreement, and are insured separately up to $100,000. The FDIC further clarified this requirement in 12 C.F.R. § 330.10(f) which states in part that:

>If, however, for example, the living trust includes a "defeating contingency" relative to that beneficiary's interest in the trust assets, then

3

> insurance coverage under this section would not be provided. For purposes of this section, a "defeating contingency" is defined as a condition which would prevent the beneficiary from acquiring a vested and non-contingent interest in the funds in the deposit account upon the owner's death.

Accordingly, the FDIC moved for summary judgment on the ground that its denial of separate insurance coverage was proper under 12 C.F.R. § 330.10(f) and 12 U.S.C. § 1821(a)(1)(B),(C). Plaintiffs have filed a cross motion for summary judgment alleging that the FDIC incorrectly applied 12 C.F.R. § 330.10(f) concerning revocable trust accounts in determining that the Joeann V. Hanna Revocable Trust contained a defeating contingency thereby eliminating it from consideration for insurance coverage as separate from Joeann Hanna's other individual accounts which had already exhausted the $100,000 dollar limit pursuant to 12 U.S.C. § 1821(a)(1)(B) and 12 C.F.R. § 330.6(a). Plaintiffs further allege that even if the FDIC properly applied its regulations in this case, the regulations are unreasonable and inconsistent with 12 U.S.C. § 1811 *et seq*.

With respect to the accounts held in trust for Mr. Hanna's mother, Julia, Plaintiffs concede that the half of the funds that were contributed by Joeann Hanna are not insured separately from Joeann Hanna's individual accounts since Julia Hanna does not meet the requirements for a qualified beneficiary of Joeann Hanna pursuant to 12 C.F.R. § 330.10(a). The remaining issue is whether the Joeann V. Hanna Revocable Trust contains a defeating contingency that disqualifies it from separate insurance coverage as provided for in 12 C.F.R. § 330.10, and if so, whether the FDIC regulations as applied are inconsistent with, and an unreasonable use of, the interpretive power given to it by 12 U.S.C. § 1819(a).

The Self Declaration of Trust of Joeann V. Hanna states:

4

> If the assets of my estate subject to probate (excluding tangible personal property and any assets specifically bequeathed or devised by Will or any Codicil thereto) are insufficient to pay any legacies set forth in my Will or any Codicil thereto, the Trustee shall pay such legacies.

The effect of this clause is to prevent the beneficiaries of the Trust from having a vested non-contingent interest in the funds and therefore disqualifies the Trust from being insured separately pursuant to 12 C.F.R. § 330.10(f). Consequently, the funds in the Joeann V. Hanna Revocable Trust must be treated as individually owned accounts of Joeann Hanna, aggregated with any other individually owned accounts held by her, and insured up to a total of $100,000. 12 C.F.R. §330.10(c).

To assist in applying the revocable trust regulations in the context of defeating contingencies, the FDIC issued the Guidelines for Insurance Coverage of Revocable Trust Accounts (Guidelines). 1994 WL 467226. In the Guidelines, the FDIC states that some defeating contingencies "are viewed as such expected parts of trusts that they can appear in a trust without being held to prevent the beneficiary from having a vested interest in the trust, provided the beneficiary does have a vested interest." These types of defeating contingencies do not defeat the separate insurability of a beneficiary's trust interest, and include clauses such as a "condition that inheritance, estate and other death taxes, last illness and funeral expenses, the decedent's debts and administrative expenses relating to the settlor's estate must be paid from the trust." The clause in the Joeann V. Hanna Revocable Trust does not qualify as such an expected part of a trust that it will not be viewed as preventing the beneficiary from obtaining a vested interest in the funds. Looking to the Illinois Probate Act of 1975, the types of claims considered as an "expected part of trusts" in the Guidelines are all considered in the same classification of

decedent's estate. 755 ILCS 5/18-10. Conversely, the Joeann V. Hanna Revocable Trust lists "any legacies" as the type of claims allowed against the Trust. A claim under the "any legacies" language is unlimited as to who may receive funds and how much that claim may be worth, and certainly is not of the variety in the first classification of claims described in 755 ILCS 5/18-10,18-13. Additionally, claims that are an expected part of trusts are those which legally come prior to descent or bequest of a decedent's property to heirs or legatees. Therefore, the FDIC correctly identified this provision as being a defeating contingency, which requires the Trust to be aggregated with Joeann Hanna's other individual accounts and insured up to a total of $100,000. 12 C.F.R. § 330.10(c).

To determine the existence of a defeating contingency, the FDIC need only look to the Trust itself, and not at the will to which it refers. The FDIC's regulation, 12 C.F.R. 330.10(f) states in part that: "If . . . the living trust includes a 'defeating contingency' relative to that beneficiary's interest in the trust assets, then insurance coverage under this section would not be provided." As 12 C.F.R. § 330.5(a)(1) states in part:

> If the FDIC, in its sole discretion, determines that the deposit account records of the insured depository institution are clear and unambiguous, those records shall be considered binding on the depositor, and the FDIC shall consider no other records on the manner in which funds are owned. If the deposit account records are ambiguous or unclear on the manner in which the funds are owned, then the FDIC may, in its sole discretion, consider other evidence . . . .

This procedure allows the FDIC to make the quickest possible determination to facilitate the public's access to its savings and maintain the going concern value of the failed bank. *Villafane-Neriz v. FDIC*, 75 F.3d 727, 732 (1st Cir. 1996). In this case, looking solely at the Trust, there is no indication that the clause at issue pertaining to "any legacies" does not operate as a defeating contingency to defeat the interest of the Trust beneficiaries.

02 C 1587

If the FDIC was obligated to look at the Will in this case, the clause would still be deemed to be a defeating contingency due to the possibility of the execution of a later will or codicil adding legacies that would deplete the Trust thereby depriving the Trust beneficiaries of their interest in the funds. 755 ILCS 5/4-7. In this case the Will referred to by the Joeann V. Hanna Revocable Trust contains three sections: (1) to pay last illness, funeral expenses, legal obligations, estate and inheritance taxes; (2) to bequeath all household furniture, cars, jewelry, and other articles of household or personal use to Kenneth Hanna, or to her children; and (3) to pay the residue of Joeann's estate to the Joeann V. Hanna Revocable Trust. Even though the specifics of this Will would not have defeated the interests of the beneficiaries to the Trust, a later will or codicil could add legacies that would deplete the Trust. The plaintiffs argue, "There can be little argument that should the final disposition of Joeann Hanna's Revocable Trust have become necessary prior to the liquidation of Superior Bank that her Will would have been considered in the disposition." However, the issue of the distribution of the Trust assets upon Joeann Hanna's death is distinct from the question of whether the Trust provision in question constitutes a defeating contingency due to its potential to defeat the interest of the Trust beneficiaries. Finally, plaintiffs argue "the language deemed a 'defeating contingency' in the Trust has no impact on the Trust, and is merely superfluous language of no consequence." However, Joeann Hanna presumably included the language in the Trust for a purpose. Even if she did not have any purpose in mind when she included the contingency, the fact remains that she could execute a codicil or a new will that could defeat the beneficiaries' interest in the assets of the Trust. In effect, the contingency in

7

the Trust left Joeann Hanna with a measure of control over the Trust assets, exercisable by execution of a codicil or a new will, that is incompatible with the separate treatment of the Trust for deposit insurance purposes pursuant to 12 C.F.R. § 330.10(f).

Plaintiffs contend that 12 C.F.R. § 330.10(f) is an unreasonable exercise of the regulatory power granted to the FDIC by Congress pursuant to 12 U.S.C § 1819(a)(Tenth) which states in part that the FDIC shall have power "[t]o prescribe by its Board of Directors such rules and regulations as it may deem necessary to carry out the provisions of this chapter or of any other law which it has the responsibility of administering or enforcing." Courts have traditionally given full deference to a regulation that has been issued under specific directive from Congress as in this case. *Bankers Life and Casualty Company v. United States*, 142 F.3d 973 n. 4 (7th Cir. 1998). Further, the FDIC regulations in this case are legislative regulations and not interpretive regulations as distinguished by the Administrative Procedures Act. *See* 5 U.S.C. § 553(b)(3)(A) (1994). Legislative regulations are rules of full legal effect that create new legal duties binding on the parties and the courts and thus require full notice and comment procedures. *Bankers Life*, 142 F.3d at 978. These regulations are entitled to deference. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron* deference, the court applies a two step analysis to determine the level of deference to give a regulation that was promulgated pursuant to a statute: (1) The court looks to the plain meaning of the statutory text to determine if it either supports or opposes the agency's interpretation, and (2) if the statute is either ambiguous or silent on the issue, the court

02 C 1587

will give deference to the agency's interpretation if it is a reasonable construction. *Bankers Life*, 142 F.3d at 983.

The FDIC was established by Congress pursuant to 12 U.S.C. § 1811 which states in part that:

> There is hereby established a Federal Deposit Insurance Corporation . . . which shall insure, as hereinafter provided, the deposits of all banks and savings associations which are entitled to the benefits of insurance under this chapter, and which shall have the powers hereinafter granted.

Further, 12 U.S.C. § 1821(a)(1)(C) states in part that:

> [T]he Corporation shall aggregate the amounts of all deposits in the insured depository institution which are maintained by a depositor in the same capacity and the same right for the benefit of the depositor or in the name of any other person, other than any amount in a trust fund described in paragraph (1) or (2) of § 1817(i) . . . .

Trust funds that are to be treated separately are further defined in 12 U.S.C. § 1817(i)(1) which states that:

> Trust funds held on deposit by an insured depository institution in a fiduciary capacity as trustee pursuant to any irrevocable trust established pursuant to any statute or written trust agreement shall be insured in an amount not to exceed $100,000 for each trust estate.

The FDIC's regulation, 12 C.F.R. § 330.10(f), was promulgated pursuant to the statutory power granted to the FDIC to carry out the provisions of the statute to insure deposits and to institute regulations that it deems necessary to carry out its duties. Therefore, the regulation passes muster under the first prong of *Chevron* deference. However, even under the second prong of *Chevron*, the regulation is a reasonable interpretation of the power granted to the FDIC in the statute. Consequently, under either prong of *Chevron*, 12 C.F.R. § 330.10(f) must be given deference by the court.

9

02 C 1587

Accordingly, plaintiffs' motion for summary judgment is denied and defendant's motion for summary judgment is granted.

ORDERED: Defendant's motion to dismiss [8-1] is denied. Defendant's motion for summary judgment [8-2] is granted. Plaintiffs' motion for summary judgment [15-1] is denied. Judgment in favor of defendant, the Federal Deposit Insurance Corporation, and against plaintiffs, Kenneth and Joeann Hanna, will be set forth on a separate document and entered in the civil docket. Fed. R. Civ. P. 58, 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: **NOV 1 3 2002**